UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BEN L. PRATT,<br><br>        Plaintiff,<br><br>v.<br><br>MACKAY COMMUNICATIONS, INC.,<br>and JEFFREY SCHLACKS,<br><br>        Defendants. | Case No. 18-_____<br><br>**COMPLAINT** |

COMES NOW Plaintiff BEN L. PRATT, by and through the undersigned counsel, and for his Complaint against Defendants Mackay Communications, Inc. and Jeffrey Schlacks, alleges and states as follows:

**PARTIES**

1. Plaintiff BEN L. PRATT is a citizen of North Carolina domiciled in Wake County, North Carolina.

2. Defendant MACKAY COMMUNICATIONS, INC. is a corporation organized under the laws of the State of Delaware with its headquarters located at 3691 Trust Drive, Raleigh, North Carolina 27616-2955. Defendant may be served through its North Carolina registered agent, Jeffrey D. Schlacks, at 3691 Trust Drive, Raleigh, North Carolina 27616-2955.

3. Defendant JEFFREY SCHLACKS is a citizen of North Carolina domiciled in Wake County, North Carolina. At all times relevant to this Complaint, Defendant Schlacks was the President and Chief Executive Officer of Mackay Communications, Inc.

1

4. Plaintiff's Deferred Compensation Plan from Mackay Communications, Inc. ("Mackay") is purported to be a benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"). The plan and its Administrator, upon information and belief, are located in Raleigh and do business in North Carolina through their dealings with Mackay employees and retirees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1332.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the breaches occurred and caused consequences in this judicial district. Plaintiff receives compensation and benefits from Mackay in this district; the Defendants regularly conduct business in this district, and the events giving rise to this case took place in this judicial district.

## FACTUAL BACKGROUND

7. Prior to 2015, Pratt was the Co-President of Mackay, and owned twenty-five percent (25%) of Mackay's outstanding stock.

8. In 2015, Pratt sold his Mackay stock to Defendant Schlacks and entered into an Employment Agreement with Mackay.

9. The 2015 Employment Agreement was for a term of five (5) years commencing August 1, 2015 and ending July 31, 2020.

10. A true and correct copy of the 2015 Employment Agreement is attached hereto as Exhibit A.

11. The Employment Agreement provided that, in the event that Mackay terminated Pratt's employment for a reason other than "for cause," Mackay would continue to pay Pratt's base salary until July 31, 2020.

12. Pratt performed the services required of him pursuant to the Employment Agreement.

13. In early 2017, Mackay decided to terminate Pratt's employment under the "at-will" employment provisions in the Employment Agreement.

14. To memorialize the terms of Pratt's separation from Mackay, the parties entered into a Severance Agreement effective April 11, 2017. A true and correct copy of the Severance Agreement is attached hereto as Exhibit B.

15. The Severance Agreement acknowledges that Pratt's termination from Mackay was pursuant to Paragraph 4.2(a) of the Employment Agreement, and confirms that Mackay will continue to pay Pratt's base salary through July 31, 2020.

16. Paragraph 20 of the Severance Agreement states the parties' intention that that Severance Agreement comply with Section 409A of the Internal Revenue Code, and that the Agreement be construed in a manner consistent with the requirements for avoiding taxes and penalties under Section 409A.

17. Section 409A of the Internal Revenue Code governs the tax treatment of so-called "non-qualified deferred compensation."

18. The regular base salary payments that Mackay has made and continues to make to Pratt under the Severance Agreement are properly categorized as "non-qualified deferred compensation" pursuant to the Internal Revenue Code.

19. Pursuant to 26 C.F.R. § 31.3121(v)(2)-1(a)(2), nonqualified deferred compensation is eligible for the special timing rules for contributions under the Federal Insurance Contribution Act ("FICA").

20. Pursuant to FICA, an employer is required to withhold taxes from employee pay for Social Security and Medicare. The employer is also required to pay an excise tax equal in amount to the taxes withheld from the employee's pay.

20. Under the special timing rule, all amounts constituting the deferred compensation are taken into account as wages and FICA withholdings are made "on the date on which the right to that amount is no longer subject to a substantial risk of forfeiture."

21. As of April 27, 2017, when both parties executed the Severance Agreement, the base salary payments guaranteed to Pratt through July 31, 2020 were no longer subject to substantial risk of forfeiture.

22. Although the parties' Agreement was labeled a "Severance Agreement," the payments Mr. Pratt receives thereunder do not qualify as "severance pay" within the meaning of 29 CFR 2510.3-2(b).

23. Instead, for tax purposes, the Severance Agreement established a so-called "Top Hat Deferred Compensation Plan." 29 U.S.C. § 1051(2).

24. As of the date Pratt executed the Severance Agreement, his interest in receiving the base salary payments in regular installments through July 31, 2020 was fully vested.

25. As of the date he executed the Severance Agreement, Pratt was not required to take any further action to earn the benefits promised in the Severance Agreement.

26. Pratt received his first base salary payment pursuant to the Severance Agreement on or about May 12, 2017.

27. Beginning with his first base salary payment under the Severance Agreement, and continuing in all subsequent payments, Mackay deducted from Pratt's gross pay the employer's portion of Medicare and Social Security excise taxes.

28. Under FICA, half of the taxes for Social Security and Medicare are withheld from the employee's gross pay, while the remaining half of the FICA taxes is paid by the Employer.

29. By withholding the Employer's portion of Social Security and Medicare taxes from Pratt's gross payments, Mackay has violated and continues to violate 26 U.S.C. § 3111(a).

30. In November 2017, Pratt demanded that Mackay Communications stop withholding the employer's excise taxes under FICA from Pratt's base salary payments.

31. Mackay Communications, by and through Defendant Schlacks, refused to stop deducting the employer's excise taxes from Pratt's base salary payments.

32. Mackay continues to violate 26 U.S.C. §§ 3111 and will continue to violate 26 U.S.C. §§ 3111 in the future unless enjoined by an Order of the Court.

33. Mackay did not accurately report the FICA taxes it withheld from Pratt's gross payments when it issued his Form W-2 for 2017. Instead, Mackay reported only the Employee's portion of Social Security and Medicare taxes as having been withheld from Pratt's gross payments. The Employer's portion of FICA that was wrongfully deducted from Pratt's payments was not reported on Form W-2.

34. Upon information and belief, Mackay falsely reported to the IRS that Mackay had paid the Employer's portion of Social Security and Medicare taxes. The truth is that Mackay was deducting the Employer's portion of FICA taxes from Pratt's compensation.

35. Mackay did not withhold and pay FICA taxes on Pratt's base salary payments to take advantage of the "special timing rule."

36. As a result of Mackay's illegal deductions from Pratt's base salary payments and failure to withhold and pay FICA taxes under the "special timing rule," Pratt has suffered and will continue to suffer damages.

**FIRST CAUSE OF ACTION:
TO RECOVER BENEFITS DUE UNDER ERISA,
ENFORCE AND/OR CLAIRFY RIGHTS UNDER ERISA,
AND ENFORCE THE TERMS OF ERISA, ERISA § 1132(a)**

37. Plaintiff repeats and re-alleges all of the preceding paragraphs as if fully set forth herein.

38. Plaintiff brings this action to recover benefits due under ERISA, to enforce and clarify rights under ERISA and to enforce the terms of ERISA pursuant to 29 U.S.C. § 1132(a).

39. Due to the Defendants' conduct and error as alleged herein, plan benefits have been wrongly withheld by Defendants from Plaintiff's top hat deferred compensation plan for the benefit of Defendants so they would not have to pay for their own error.

40. Defendants failed to follow their obligation under FICA, to pay the Employer's half of the taxes for Social Security and Medicare applicable to Pratt's gross pay.

41. Instead, by withholding the Employer's portion of Social Security and Medicare taxes from Pratt's gross payments, Mackay has violated and continues to violate 26 U.S.C. § 3111(a).

42. Mackay continues to violate 26 U.S.C. § 3111 and will continue to violate 26 U.S.C. § 3111 in its future payments to Pratt unless enjoined by an Order of the Court.

43. Defendants owe Plaintiff a duty of good faith and fair dealing in the performance and administration of the top hat deferred compensation plan.

44. Defendants breached their duty of good faith and fair dealing.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT ACT

45. The allegations in Paragraphs 1 through 44 above are hereby incorporated by reference.

46. The parties' dispute over the legality of Mackay's FICA deductions from Pratt's salary payments presents a present and actual case or controversy, capable of adjudication.

47. Plaintiff seeks a declaratory judgment that Defendant Mackay is obligated to pay the employer's portion of FICA excise taxes without deduction or contribution from Plaintiff.

## THIRD CAUSE OF ACTION
## CONVERSION

48. The allegations in Paragraphs 1 through 47 above are hereby incorporated by reference.

49. An Employee has the right to compensation due to him minus the Employee's contribution to FICA taxes owed to the United States.

50. Defendant Mackay wrongfully converted the amount equal to the Employer's portion of FICA taxes that were properly attributable to Pratt's compensation for their own benefit.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

51. The allegations in Paragraphs 1 through 50 above are hereby incorporated by reference.

52. Plaintiff's Employment Agreement and Plaintiff's Severance Agreement are each a valid and enforceable contract.

53. Defendant Mackay breached these contracts by wrongfully withholding the Employer portion of Plaintiff's FICA taxes and failing to pay Plaintiff all benefits due under his deferred compensation plan.

54. Defendant Mackay also breached Paragraph 20 of the Severance Agreement by failing to timely take advantage of the "special timing rule" for FICA withholding, and thereby increasing the taxes and penalties owed by Plaintiff.

55. Defendants' breach caused economic harm to Plaintiff, and the repeated breaches continue to cause harm because Defendants' breach is continuing with each bi-monthly payment.

56. Plaintiff suffered damages as the result of Defendants' breach of contract in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION:
## NORTH CAROLINA WAGE & HOUR ACT

57. The allegations in Paragraphs 1 through 56 above are hereby incorporated by reference.

58. The provisions of Article 2A of North Carolina General Statutes Chapter 95 apply to Plaintiff's employment with Defendants.

59. The amounts owed by Defendants to Plaintiff as described in paragraphs 26 to 28 above constitute wages within the meaning of N.C. Gen. Stat. § 95-25.1 *et seq*.

60. At all relevant times, Mackay was Plaintiff's "Employer" for purposes of N.C. Gen. Stat. § 95-25.2(5).

61. Defendant Schlacks made material decisions about the payment of Plaintiff's wages, including the decision to make illegal deductions from Plaintiff's pay. As such, Schlacks is also an "Employer" for purposes of N.C. Gen. Stat. § 95-25.2(5).

62. Defendants' failure to pay Plaintiff his full and appropriate earned wages and benefits under the deferred compensation plan herein constitutes a violation of N.C. Gen. Stat. § 95-25.6.

63. Pursuant to N.C. Gen. Stat. § 95-25.22(a), Plaintiff is entitled to recover, among other things, such wages that are due to him at the time of judgment, with prejudgment interest from the date they became due.

64. Pursuant to N.C. Gen. Stat. § 95-25.22(a)(1), Plaintiff is further entitled to recover liquidated damages equal to the amount of wages due to him.

65. Pursuant to N.C. Gen. Stat. § 95-25.22(d), Plaintiff is further entitled to recover his costs and reasonable attorneys' fees in this action.

WHEREFORE, Plaintiff Ben L. Pratt respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants Mackay Communications, Inc. and Jeffrey Schlacks, and award Plaintiff the following relief:

(a) A declaratory judgment that the Employer's portion of FICA taxes are the financial responsibility of Mackay Communications, Inc., and cannot be withheld from Pratt's payments;

(b) All such equitable relief as is available, including the difference between what Plaintiff was owed and the amount he actually received plus applicable interest pursuant to 29 U.S.C. § 1132(a);

(c) Disgorgement and restitution of such amounts to Plaintiff that have been wrongfully appropriated, pursuant to 29 U.S.C. § 1132(a);

(d) A preliminary and permanent injunction preventing Mackay Communications, Inc. from deducting the Employer's portion of FICA taxes from future payments made to Pratt between the date of the Order and July 31, 2020;

(e) Payment of the benefits as calculated and vested at the time of termination;

(f) Compensatory, incidental, consequential and/or statutory damages pursuant to 29 U.S.C. § 1132(a), ERISA § 503(a)(3), the North Carolina Wage and Hour Act, and/or common law;

(g) Liquidated damages on wages not properly paid pursuant to the North Carolina Wage & Hour Act;

(h) Pre-judgment and post-judgment interest;

(i) Reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C. § 1132(a) and N.C. Gen. Stat. § 95-25.22(d);

(j) An accounting of all FICA taxes paid by Defendants resulting from the deductions from Plaintiff's benefits; and

(k) Such other and further relief as the Court may deem appropriate and just.

Respectfully submitted,

THE NOBLE LAW FIRM, PLLC

  /s/ Kathryn F. Abernethy
Kathryn Abernethy, Esq. (N.C. State Bar No. 43933)
Jennifer F. Bills, Esq. (N.C. State Bar No. 37467)
141 Providence Road, Suite 210
Chapel Hill, NC 27514
Office: (919) 251-6008
Fax: (919) 869-2079
Email: katie.abernethy@thenoblelaw.com
          jbills@thenoblelaw.com

*Attorneys for Plaintiff*

Dated: March 14, 2018